<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| NELSON ORTIZ, | : | |
| | : | CIV. NO. 21-19953 (RMB-SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CUMBERLAND COUNTY FREEHOLDERS, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, United States District Judge

This matter comes before the Court upon pro se Plaintiff Nelson Ortiz's ("Plaintiff") submission of a civil rights complaint and an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) (IFP App., Dkt. No. 1-1.) Plaintiff is a pretrial detainee who was confined in the Cumberland County Jail in Bridgeton, New Jersey at the time of the alleged constitutional violations. Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee ("i*n forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a), and his IFP application will be granted. (IFP App., Dkt. No. 1-1.)

I.  *SUA SPONTE* DISMISSAL

When a prisoner proceeds without prepayment of the filing fee for a civil action under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity, officer or employee or seeks relief based on a prison condition, 28 U.S.C. § 1915(e)(2)(b), § 1915A(b)(1), and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949–50; *see also, Twombly*, 550 U.S. at 555, & n. 3.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

II.     THE COMPLAINT

Plaintiff alleges the following facts, accepted as true for the purpose of screening the complaint for *sua sponte* dismissal. (Compl., Dkt. No. 1.) While confined in the Cumberland County Jail on October 2, 2021, Plaintiff refused to obey orders from Sergeant Fazzblary[1] to stop yelling to a friend in another pod. Sergeant Fazzblary told Plaintiff to "suit up" to "do 4 hours" in the disciplinary pod. Plaintiff refused to leave his pod and told Sergeant Fazzblary to call for back up, which he did. Plaintiff asked Sergeant Fazzblary if he could wear his sweatsuit to do is 4 hours, which typically was not allowed, but Sergeant Fazzblary agreed. Sergeant Hines arrived as back up, and Plaintiff asked both for their permission to bring his coffee with him, and they agreed. They handcuffed Plaintiff and they started toward the elevator, where Sergeant Mendibles, Sergeant Govan and SCO Tirado arrived to meet them. Sergeant Mendibles told Plaintiff to throw his coffee away, and when Plaintiff started to explain that he had permission to have it, Sergeant Mendibles knocked it out of his hand and smacked Plaintiff in the face while he was handcuffed and held by two sergeants.

Plaintiff was put in the elevator and the Sergeants Mendibles, Govan and Hines continued to assault him. He was placed in the disciplinary pod and a nurse was sent to see him. She asked if he was suicidal and he said no, but he complained of severe pain in the face and body from the assault. She laughed and did nothing to treat him. Plaintiff

---

[1] The Court has done its best to read Petitioner's handwritten spelling of the defendants' names but is unsure of the correct spelling.

continued to complain of pain and had not received any medical treatment at the time of filing the complaint [approximately two weeks later].

Plaintiff alleges the excessive use of force against him by Sergeant R. Mendibles, Sergeant D. Govan and Sergeant Hines. He alleges Sergeant Fazzblary failed to intervene in the excessive use of force against him. Plaintiff also alleges a claim against "CFG Medical Staff" for failure to provide him with medical treatment after the assault. Finally, Plaintiff named Cumberland County Freeholders as a defendant on the basis of "fiduciary trustee," and he named Cumberland County Department of Corrections as a defendant for failure to train.

III.   DISCUSSION

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

4

A.    <u>Excessive Force and Failure to Intervene</u>

For a pretrial detainee to state a Fourteenth Amendment due process violation for use of excessive force by a state actor, he or she must allege sufficient facts to show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *see*, *Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194 (3d Cir. 2021) (noting "the subjective Eighth Amendment standard does not apply to pretrial detainees.") Plaintiff's excessive force claims may proceed against Sergeants Mendibles, Govan and Hines.

"[T]he Due Process Clause of the Fourteenth Amendment entitles a pretrial detainee to at least the same protection for personal security as afforded convicted prisoners." *Best v. Essex Cty., New Jersey Hall of Recs.*, 986 F.2d 54, 56 (3d Cir. 1993) (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 668 (3d Cir.1988), *cert. denied*, 489 U.S. 1065 (1989). "A corrections officer who witnesses but fails to intervene in the beating of an inmate by other officers is culpable if the officer had a 'reasonable opportunity' to intervene but refused to do so." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)). Plaintiff's Fourteenth Amendment failure to intervene claim against Sergeant Fazzblary may proceed.

B.    <u>Failure to Train</u>

There is no vicarious liability of an employer for its employees under § 1983. Therefore, the Court construes Plaintiff's claims against the Cumberland County Freeholders and the Cumberland County Department of Corrections solely for failing to train its employees. A county may be liable under Section 1983 for failing to train its

5

employees, resulting in a constitutional injury to the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "A plaintiff seeking to hold a municipality liable under section 1983 [a "*Monell* claim"] must demonstrate that the violation of rights was caused by the municipality's policy or custom." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted). "Liability is imposed 'when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees.'" *Thomas*, 749 F.3d at 222 (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir.1991) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)). "Where the policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact.'" *Id.* (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir.1999) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) ("*Canton* ")). "Additionally, 'the identified deficiency in a [county's] training program must be closely related to the ultimate injury;' or in other words, 'the deficiency in training [must have] actually caused' the constitutional violation." *Id.* (quoting *Canton*, 489 U.S. at 391.)

      The Court construes Plaintiff's failure to train claim as raised against Cumberland County. The claim lacks sufficient factual allegations. Plaintiff has not identified a specific deficiency in the County's training program nor has he alleged a pattern or practice of excessive force and failure to intervene by the defendant officers. Therefore, the Court will dismiss the Fourteenth Amendment *Monell* claims against Cumberland County without prejudice.

C. <u>Inadequate Medical Care</u>

Plaintiff alleges that "CFG Medical Staff" refused to provide medical treatment to him after he was punched in the face and body by several officers while handcuffed. Claims by pretrial detainees for failing to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]" *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff is unable to identify the particular medical staff who denied his requests for medical treatment. Thus, he may proceed with his Fourteenth Amendment inadequate medical care claims against "John and Jane Doe CFG Medical Staff." *See e.g.*, *Anderson v. City of Philadelphia*, 65 F. App'x 800, (3d Cir. 2003) (affirming denial of motion to substitute identity of Doe Defendant where the plaintiff failed to amend the complaint to identify the defendant nearly a full year after the statute of limitations expired). Plaintiff should diligently attempt to discover the names of the John and Jane Doe CFG Medical Staff so that he may file an amended complaint and serve those defendants.

IV. CONCLUSION

For the reasons discussed above, the Court will proceed the Fourteenth Amendment excessive force and failure to intervene claims against Sergeants Mendibles, Govan, Hines and Fazzblary, proceed the Fourteenth Amendment inadequate medical care claims against John and Jane Doe CFG Medical Staff, and dismiss without prejudice the Fourteenth Amendment *Monell* claims against Cumberland County.

**DATE:** <u>March 23, 2022</u>

                                          <u>s/Renée Marie Bumb</u>
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**