NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

NELSON ORTIZ,

      Plaintiff

v.

SGT. R. MENDIBLES, *et al.*,

      Defendants

CIV. NO. 21-19953 (RMB-AMD)

**OPINION**

APPEARANCES:

Nelson Ortiz
977793-B
SOUTH WOODS STATE PRISON
215 SOUTH BURLINGTON ROAD
BRIDGETON, NJ 08302
    Plaintiff, *pro se*

A. Michael Barker, Esq.
BARKER, GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD, SUITE 12
LINWOOD, NJ 08221
    On Behalf of Defendants Sergeant R. Mendibles and Sergeant D. Govan

**RENÈE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE**

**I.    INTRODUCTION**

This matter comes before the Court upon the motion to dismiss Plaintiff's complaint for insufficient service, insufficient service of process and failure to prosecute under Federal Rules of Civil Procedure 12(b)(4), (5), and 41(b) brought by Defendants Sergeant R. Mendibles and Sergeant D. Govan ("Defendants" or "Mendibles" and "Govan"). (Mot. to Dismiss, Docket No. 24). Plaintiff filed a brief in opposition to the motion to dismiss ("Pl's

Opp. Brief," Docket Nos. 25), and Defendants' filed a reply brief (Reply Brief, Docket No. 26). For the reasons discussed below, the Court will deny the motion to dismiss.

## II.     PROCEDURAL HISTORY

Plaintiff Nelson Ortiz ("Plaintiff") was a pretrial detainee when he initiated this action *pro se* by filing a civil rights complaint alleging Fourteenth Amendment violations by use of excessive force, failure to intervene, and inadequate medical care. (Compl., Docket No. 1.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and permitted his complaint to proceed against Defendants Mendibles, Govan, Hines, Fazzblary, and John and Jane Doe CFG Medical Staff, and dismissed the remainder of the claims without prejudice. (Opinion and Order, Docket Nos. 2, 3.) On March 23, 2022, the complaint was deemed filed for purposes of the 90-day period to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). On April 5, 2022, the Court received the completed forms necessary for the United States Marshals Service to serve process on the identified defendants ("USM 285 forms "). The Clerk of Court issued summonses and directed the United States Marshals Service to serve the identified defendants. (ECF Nos. 6, 7.) The summonses were returned unexecuted because the defendants could not be located at the given address, Cumberland County Department of Corrections. (ECF Nos. 8-11.)

On August 3, 2022, the Court granted Plaintiff's request for an extension of time to obtain service of process under Fed. R. Civ. P. 4(m), and extended time for sixty days, until Monday, October 3, 2022. (Order, Docket No. 17.) Plaintiff returned the completed USM 285 forms on September 19, 2022, outside the 30-day period given in the instructions for

2

completing the forms, but before the deadline for service on the defendants. On October 25, 2022, the summonses were returned as executed on Defendants Govan and Mendibles, several weeks after the deadline. (Docket No. 22.) The summonses were returned as unexecuted on Defendant Fazzblary and Defendant Hines. (Docket No. 23, 33.)

Defendants Govan and Mendibles filed the present motion to dismiss on November 15, 2022. (ECF No. 24.) On December 6, 2022, Plaintiff filed a letter brief in opposition to the motion to dismiss, explaining that it was unclear why the United States Marshals Service was unable to locate the defendants at Cumberland County Jail on his first attempt at service, but Govan and Mendibles were served on the second attempt at the same address. Plaintiff seeks leniency on the delay of service, through no fault of his own, and based on his status as *pro se* litigant. In their reply brief, Defendants acknowledge Plaintiff's *pro se* status but assert Defendants' due process rights must also be protected. (Reply Brief, Docket No. 26 at 2-3.) On January 21, 2023, Plaintiff filed a motion for appointment of pro bono counsel, which was granted on February 9, 2023. (Order, Docket No. 30.) The Court is presently seeking pro bono counsel to accept the appointment.

### III.   DISCUSSION

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a party to file a motion to dismiss for insufficient process or insufficient service of process. Dismissals under these rules, however, must be without prejudice. *Umbenhauer v. Woog*, 969 F.2d 25, 30 n. 6 (3d Cir. 1992) (citing *e.g.*, *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944)). Here, dismissal without prejudice would cause unnecessary delay and expense because Defendants Govan and Mendibles have now been served. Defendants do

3

not allege process or service was insufficient in any manner other than timeliness under Rule 4(m).

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendants seek dismissal with prejudice based on Plaintiff's failure to effect service within the sixty day period in this Court's order dated August 3, 2022. (Order, Docket No. 17.) "'[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits.'" *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008) (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)). Courts must consider and weigh the following factors in dismissing with prejudice for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 258 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). Here, Plaintiff is responsible for properly serving process on defendants. Fed. R. Civ. P. 4(c). Plaintiff timely attempted service by the United States Marshals Service pursuant to Fed. R. Civ. P. 4(c)(3). The United States Marshal's inability to locate the defendants at Cumberland County Jail on the first attempt is not attributable to Plaintiff. There is little or no prejudice to Defendants Govan and Mendibles, who were

served a few weeks beyond the deadline set by the Court. *See, Umbenhauer*, 969 F.2d at 30, ("dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.") Plaintiff does not have a history of dilatoriness, and there is no evidence of willful delay. Sanctions are not warranted here because the necessity for a second attempt at service, the initial cause of the delay, was out of Plaintiff's control, and there is no evidence of willfulness in Plaintiff's failure to return the completed USM 285 forms within 30 days. Plaintiff may reasonably have been stymied in trying to locate another address for service on the defendants. Under the final factor for dismissal with prejudice under Rule 41(b), the claims against Defendants Mendibles and Govan are of sufficient merit to have proceeded beyond screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b). Therefore, in weighing these factors, dismissal with prejudice for failure to prosecute is not warranted. Plaintiff, however, should be advised that he must continue to prosecute this matter *pro se* until pro bono counsel accepts appointment in this case.

## IV.   CONCLUSION

For the reasons discussed above, the Court will deny Defendants' motion to dismiss (Docket No. 24) under Fed. R. Civ. P. 12(b)(4), (5) and 41(b).

An appropriate Order follows.

**DATE:**  <u>May 17, 2023</u>

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
