*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NELSON ORTIZ, | Civ. No. 21-19953 (RMB-SAK) |
| Plaintiff | |
| v. | **OPINION** |
| CUMBERLAND COUNTY FREEHOLDERS et al., | |
| Defendants | |

APPEARANCES:

Matthew A. Hamermesh, Esq.
Hangley, Aronchick, Segal & Pudlin, P.C.
20 Brace Road, Suite 201
Cherry Hill, NJ, 08034

Kyle M. Heisner, Esq.
Hangley, Aronchick, Segal & Pudlin & Schiller, P.C.
One Logan Square, 27th Floor
Philadelphia, PA 19103
    Pro Bono Counsel on behalf of Plaintiff

A. Michael Barker, Esq.
Barker, Gelfand & James, P.C.
Linwood Greene
210 New Road, Suite 12
Linwood, NJ 08221
    On behalf of Defendants

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

    This matter comes before the Court upon the motion to dismiss the first amended complaint ("FAC") by Defendant Sergeants Mendibles, Govan, Hines and

Fazzolari[1] (Defs' Mot. to Dismiss, Dkt. No. 81) and Plaintiff's brief in opposition to Defendants' motion to dismiss ("Pl's Opp. Brief" Dkt. No. 90.)  For the reasons discussed below, the Court will grant in part and deny in part the motion to dismiss.

## I. FIRST AMENDED COMPLAINT

In his FAC, Plaintiff alleges the following incidents occurred on October 2, 2021, while he was a pretrial detainee in Bridgeton, New Jersey.  (FAC ¶¶ 1, 3, 10; Dkt. No. 52.)  Plaintiff was yelling to a friend and ignored Sergeant Fazzolari's ("Fazzolari") direction to "shut up."  Fazzolari and Sergeant Hines ("Hines") handcuffed Plaintiff to take him to the disciplinary pod for four hours confinement.  (*Id.* ¶¶ 5, 6, 20.)  Plaintiff asked if he could wear his sweatsuit and bring his coffee with him, and Hines and Fazzolari said yes, if he went quietly.  (*Id.* ¶ 21.)  While Hines and Fazzolari began escorting Plaintiff toward an elevator, Sergeant Mendibles ("Mendibles") appeared and told Plaintiff to throw his coffee away.  (*Id.* ¶¶ 3, 22.)  When Plaintiff responded that he had permission to bring his coffee with him, Mendibles "violently smacked the hot coffee out of [Plaintiff's] hand-cuffed hands and struck [him] in the face, causing burns to [his] leg and injuries to his face…." ("the Coffee Incident") (*Id.*, ¶ 22.)  After this incident, Plaintiff verbally expressed anger at Mendibles and took a step in his direction without touching him.

---

[1] Sergeant Fazzolari's name is spelled in different ways throughout the pleadings and motions filed in this matter.  The court will use the spelling provided in the amended notice of appearance, entered by Greg DiLorenzo, Esq., on behalf of Sergeant Fazzolari and others.  (Dkt. No. 62.)

(*Id.* ¶ 23.)   In response, Mendibles, Hines and Sergeant Govan ("Govan") dragged Plaintiff onto the nearby elevator while punching and striking him ("the Elevator Incident").   (*Id.* ¶¶ 5, 24.)   Fazzolari stood by and watched the assault without intervening or making any attempt to stop the assault.   (*Id.* ¶ 25.)   Plaintiff suffered severe injuries from the assault by Mendibles, Hines and Govan, and he was subsequently denied medical care.   (*Id.* ¶¶ 27-29.)   Plaintiff alleges there was a video recording of the assault from cameras installed in Cumberland County Jail, but it was destroyed before the Special Investigations Unit began an investigation of the incident in January 2022.   (*Id.*, ¶¶ 31-36.)

Plaintiff alleges Mendibles, Hines and Govan subjected him to excessive use of force in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments in violation of 42 U.S.C. § 1983, and Fazzolari violated the Fourth, Fifth, Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 by failing to intervene in the excessive force used by Mendibles, Hines, and Govan.   Subsequently, Plaintiff voluntarily dismissed his Eighth Amendment and state tort claims.   Plaintiff now agrees to dismiss his Fifth Amendment claims.   (Pl's Opp. Brief, Dkt. No. 90 at 4.) The remaining § 1983 claims are based on alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments.   (Defs.' Mot. to Dismiss, Dkt. No. 81-1 at 5.)

## II. DISCUSSION

### A. Rule 12(b)(6) Standard of Law

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert the defense of failure to state a claim for relief and bring a motion to dismiss the pleading. To survive a motion to dismiss, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim for relief is deemed "plausible" where the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly,* 550 U.S. at 556. When determining a Rule 12(b)(6) motion, a reviewing court must "accept as true" all well-pled factual allegations. *Id.* at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002)). Thus, to determine the sufficiency of a complaint under the Rule 12(b)(6) standard, courts must: 1) determine the elements necessary to state a claim; 2) identify conclusory allegations that are not entitled to the assumption of truth; 3) identify well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 129–30 (3d Cir. 2010) (internal quotation marks and quotations omitted). In determining a Rule 12(b)(6) motion to dismiss, courts consider allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018) (quoting P*ension Benefit Guar. Corp. v. White Consol. Indus.,*

*Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

### B. Excessive Force Claim: The Coffee Incident

Plaintiff's first allegation of excessive force in the FAC is that Mendibles knocked the coffee out of Plaintiff's hands and struck or smacked him in the face, which Defendants contend was an objectively reasonable use of force. (Defs' Mot. to Dismiss, Dkt. No. 81-1 at 8-9, 19-20.) Defendants describe the following circumstances: 1) Plaintiff did not follow the direction to throw the coffee away; 2) it is unreasonable to infer the spilled coffee caused a significant burn; 3) Plaintiff does not allege Mendibles intended to cause injury; 4) striking Plaintiff was objectively reasonable because he made verbal threats and stepped toward Mendibles; and 5) Plaintiff does not allege his injury from the slap by Mendibles was more than minimal.

Plaintiff asserts Defendants mischaracterized the allegations in the FAC. (Pl's Opp. Brief, Dkt. No. 5-6, 8-10.) Plaintiff alleged the following: (1) he was handcuffed when Mendibles approached and told him to throw his coffee away; (2) Plaintiff told Mendibles the other officers who were present gave him permission to bring his coffee with him; (3) Mendibles "violently smacked" the coffee out of Plaintiff's hands and slapped his face; and (4) it was only after Mendibles slapped him that Plaintiff verbally expressed anger and took a step toward Mendibles, without touching him. Plaintiff contends Mendibles' lack of intent to cause injury is not a factor in the excessive force analysis. Finally, Plaintiff argues that he is not

5

required to plead evidence of the extent of his injury, nor is the extent of his injury a controlling factor in the determination of what constitutes an objectively reasonable use of force under the circumstances.

Defendants further contend Mendibles is entitled to qualified immunity. Plaintiff opposes qualified immunity because striking a physically restrained and nonthreatening inmate is a clearly established violation of the Fourteenth Amendment's protection against punishment of a pretrial detainee.

### 1. Application of Fourth and/or Fourteenth Amendment

Plaintiff seeks to bring his excessive force and failure to intervene claims under the Fourth and Fourteenth Amendments, but Defendants contend only the Fourteenth Amendment governs excessive force or failure to intervene claims by pretrial detainees, and Plaintiff's Fourth Amendment claims should be dismissed.

The Third Circuit has recognized that the Supreme Court left open the possibility that the Fourth Amendment protects pretrial detainees from excessive use of force. *See Rosser v. Donovan*, No. 20-3278, 2021 WL 5055837, at *2 (3d Cir. Nov. 1, 2021) (quoting *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 466 n.2 (2021) (per curiam) (additional citations omitted) ("[w]hatever the source of law, in analyzing an excessive force claim, a court must determine whether the force was objectively unreasonable in light of the facts and circumstances of each particular case"); *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 408) (Alito, J., dissenting); *Graham v. Conner*, 490 U.S.

6

386, 395 n. 10) (1989) ("[t]he Supreme Court has not yet determined whether pretrial detainees can bring excessive-force claims under the Fourth Amendment.")) Plaintiff, therefore, may potentially bring a Fourth Amendment excessive force claim, and by logical inference, a Fourth Amendment failure to intervene claim. Defendants, however, are entitled to qualified immunity under the Fourth Amendment because the right of pretrial detainees to be free from excessive force, and by inference the limited right to intervention in the use of excessive force, are not clearly established rights of pretrial detainees under the Fourth Amendment. *See Mack v. Yost*, 63 F.4th 211, 228 (3d Cir. 2023) (a § 1983 defendant is entitled to qualified immunity if the right at issue was not clearly established at the time it was allegedly violated) (citation omitted). Therefore, the Court will grant Defendants' motion to dismiss the Fourth Amendment claims in the FAC.

2. **Elements of Fourteenth Amendment Excessive Force Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from "'the use of excessive force that amounts to punishment.'" *Robinson v. Danberg*, 673 F. App'x 205, 209 (3d Cir. 2016) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). To establish a due

process violation, a detainee must prove "'that the force purposely or knowingly used against him was objectively unreasonable….'" *Id.* Objective reasonableness is determined based on the "facts and circumstances of each particular case" from the perspective of a reasonable officer on the scene, without the vision of hindsight. *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Where the plaintiff is a pretrial detainee, courts must consider the legitimate interest in maintaining internal order, discipline and security in the detention facility. *Id.* Additional factors courts should consider in determining whether the use of force was objectively reasonable include:

> (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting.

*Rosser v. Donovan*, No. 20-3278, 2021 WL 5055837, at *2 (3d Cir. Nov. 1, 2021) (quoting *Kingsley*, 576 U.S. at 397) (citing *Graham*, 490 U.S. at 396)).

### 3. Analysis

Based on the allegations in the FAC, Plaintiff posed little or no threat to Defendants or others because he was handcuffed and escorted by two officers to the disciplinary pod for ignoring an order to shut up. Plaintiff had not been involved in an argument, he was yelling to a friend, and he alleges he had permission to take his coffee to the disciplinary pod. Plaintiff alleges he did not immediately follow

Mendibles' order to dispose of his coffee. Instead, he responded that the other officers, who were present to confirm or deny his claim, gave him permission to bring his coffee with him. The Court recognizes a legitimate security interest in controlling the circumstances under which a pretrial detainee in a detention center may have hot coffee, which could be thrown at someone to cause injury or disruption. Furthermore, to maintain security and order in a detention facility, detainees must follow staff directions. Plaintiff, however, alleged Mendibles reacted violently where no violence was required. Accepting the truth of the factual circumstances alleged in the FAC, Mendibles did not make an effort to temper or limit the amount of force necessary to obtain Plaintiff's compliance with his order to dispose of his coffee. Plaintiff alleged he was burned by the coffee and suffered an injury from the slap to his face. The injuries alleged may be minimal, but this factor alone does not preclude a finding that Mendibles' use of force was objectively unreasonable under the circumstances. *See Robinson*, 673 F. App'x at 209–10 (quoting *Brooks v. Kyler*, 204 F.3d 102, 104 (3d Cir. 2000) ("'there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for ... excessive force.'") Subjective intent to punish is also not necessary to state a Fourteenth Amendment excessive force claim. *Kingsley,* 576 U.S. at 398. Rather, "a pretrial detainee can prevail … [on] objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in

9

relation to that purpose." *Id.* When all facts and circumstances alleged in the FAC are accepted as true under the Rule 12(b)(6) standard, Plaintiff sufficiently pled Mendibles used force that was objectively unreasonable and amounted to punishment under the Fourteenth Amendment.

This does not end the analysis because Defendants contend Mendibles is entitled to qualified immunity. (Defs' Mot. to Dismiss, Dkt. No. 81-1 at 21.) Plaintiff disagrees. (Pl's Opp. Brief, Dkt. No. 90 at 10.) Qualified immunity protects an official from liability under § 1983 "'unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct.'" *Dean v. Borough of Glassboro*, No. 21-2468, 2023 WL 2597586, at *2 (3d Cir. Mar. 22, 2023) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014)). A constitutional right is clearly established when "'any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Id.* This can be shown where existing precedent establishes beyond debate that the official's conduct, under the circumstances, violated a constitutional right. *Id.* (internal quotation marks and quotations omitted). Broad general propositions in precedential cases, without sufficient factual context, do not clearly establish a constitutional right for purposes of qualified immunity. *Id.* (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (additional citations omitted)). On the other hand, qualified immunity does not require caselaw that is directly on point. *Jacobs v.*

*Cumberland Cnty.*, 8 F.4th 187, 195–97 (3d Cir. 2021) (quoting *al-Kidd*, 563 U.S. at 741.))

In the Third Circuit, it is clearly established that "striking a physically restrained and nonthreatening inmate" constitutes objectively unreasonable force under the Fourteenth Amendment. *Id.* at 197 (citations omitted). Plaintiff's response to Mendibles' command to dispose of his coffee would not cause an objectively reasonable officer to feel threatened under the circumstances alleged and other actions were available to dispose of Plaintiff's coffee. Therefore, the Court will deny Defendants' motion to dismiss Plaintiff's Fourteenth Amendment excessive force claim against Mendibles for the coffee incident.

### C. The Elevator Incident

Defendants argue Plaintiff's excessive force claim against Mendibles, Hines, and Govan should be dismissed because the allegation that Plaintiff verbally expressed anger at Mendibles and took a step toward him justified their actions to maintain and restore discipline. (Defs' Mot. to Dismiss, Dkt. No. 81-1 at 21-23.) Furthermore, Defendants submit the claim is deficient because Plaintiff did not describe the extent of his injuries, and Plaintiff acknowledges his claim will not be supported by evidence obtained in discovery because there is no video recording of the incident, and Plaintiff has no medical records to corroborate his alleged injuries. Finally, Defendants contend Plaintiff did not sufficiently allege each defendant's personal involvement in the incident by identifying which defendant struck him and

caused injury.  Moreover, the injuries alleged are *de minimus*.[2]

Plaintiff disagrees with Defendants' recitation of the allegations in the FAC and conclusion that the force used was objectively reasonable under the circumstances alleged.  (Pl's Opp. Brief, Dkt. No. 90 at 11-12.)  The FAC alleges Hines, Govan and Mendibles reacted to Plaintiff's verbal expression of anger about the coffee incident and his step toward Mendibles, by punching, striking and dragging him.  Plaintiff's maintains his allegation that surveillance video was destroyed is an improper basis for dismissal.  Plaintiff also contends the federal notice pleading standard of Rule 8(a)(2) does not require that he plead details describing each defendant's involvement in the assault in which all participated.

        3.     Analysis

Accepting the allegations as true, as this Court must in determining a Rule 12(b)(6) motion, punching, striking and dragging a handcuffed and outnumbered inmate in response to his verbal expression of anger and merely taking a step in the direction of an officer, is excessive in relation to the legitimate purpose of escorting the inmate to a disciplinary pod for a nonviolent infraction.  Plaintiff's admission that he lacks medical records or video surveillance to prove his claims does not require dismissal on a Rule 12(b)(6) motion. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."

---

[2] Defendants do not assert qualified immunity on this claim.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Plaintiff alleges t Mendibles, Hines and Govan were personally involved in the alleged Fourteenth Amendment excessive force claim by punching and striking him.  "The extent of each officer's participation is [] a classic factual dispute to be resolved by the fact finder." *Meronvil v. Doe*, No. CV178055KMCLW, 2023 WL 4864383, at *9 (D.N.J. July 31, 2023) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)).  Furthermore, "any inference that the degree of harm alleged is a threshold requirement to pleading an excessive force claim is contradicted by relevant precedent" *Goenaga v. MacDonald*, No. 3:14-CV-2496, 2017 WL 1178072, at *4-5 (M.D. Pa. Mar. 30, 2017) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010); *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002)).  Therefore, the Court will deny Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim of excessive force against Mendibles, Govan and Hines.[3]

### D.   Failure to Intervene in the Use of Excessive Force

Defendants also seek dismissal of the Fourteenth Amendment failure to intervene claim against Fazzolari.  They assert Plaintiff failed to plead sufficient facts, such as how long the assault lasted, to show Fazzolari had a reasonable opportunity to intervene in the Elevator Incident.  (Defs' Mot. to Dismiss, Dkt. No. 81-1 at    Plaintiff counters that he has pled sufficient facts to meet the notice

---

[3] Defendants did not raise qualified immunity as a defense to the excessive force claim against Mendibles, Hines and Govan.

pleading standard of Federal Rule of Civil Procedure 8(a)(2).  (Pl's Opp. Brief, Dkt. No. 90 at 13.)

"A corrections officer who witnesses but fails to intervene in the beating of an inmate by other officers is culpable if the officer had a 'reasonable opportunity' to intervene but refused to do so."  *A.M. ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)).  Plaintiff alleged Defendant Fazzolari "stood by and watched the assault without intervening or making any attempt to stop" Mendibles, Govan and Hines "from punching and striking Ortiz." (FAC ¶ 25, Dkt. No. 5.)   Allegations that Fazzolari "stood by and watched" and failed to make "any attempt to stop" the assault, is sufficient to state a claim.  *See e.g.*, *Cook v. Carney*, No. 24-CV-0314, 2024 WL 3204458, at *5 (E.D. Pa. June 26, 2024) (finding allegations of officers' presence and failure to intervene in inmate assault sufficient to state a Fourteenth Amendment claim) (citing *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) *abrogation on other grounds recognized by Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020)).  Therefore, the Court will deny Defendants' motion to dismiss Plaintiff's Fourteenth Amendment failure to intervene claim.

## IV.  CONCLUSION

The Court will dismiss Plaintiff's Fourth Amendment excessive force claims and Plaintiff's Fourth Amendment failure to intervene claim based on qualified immunity, and the Court will deny the motion to dismiss the Fourteenth

Amendment excessive force and failure to intervene claims in the FAC.

An appropriate Order follows.

**Date: September 24, 2024**

                                       <u>s/Renée Marie Bumb</u>
                                       RENÉE MARIE BUMB
                                       Chief United States District Judge